## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Aaron Riley,**
**Petitioner Below, Petitioner**

**FILED**

**May 24, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

vs) **No. 12-0930** (Mineral County 12-C-83)

**Edgar Mike Lawson, Administrator, Potomac**
**Highlands Regional Jail and James W.**
**Courrier Jr., Mineral County Prosecuting Attorney,**
**Respondents Below, Respondents**

### MEMORANDUM DECISION

Petitioner Aaron Riley's appeal, filed by counsel Ramon Rozas III, arises from the Circuit Court of Mineral County, wherein petitioner's petition for writ of habeas corpus was denied by order entered on July 12, 2012. Respondents Edgar Mike Lawson and James W. Courrier Jr., by counsel of the Office of the Attorney General, filed a response in support of the circuit court's decision.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2011, petitioner pled guilty to obstructing an officer, destruction of property, and battery. The trial court sentenced petitioner to serve not more than one year of incarceration for each conviction, to run consecutively, but suspended these sentences and imposed five years of probation. Shortly thereafter, petitioner violated his probation and was ordered to serve his full sentences. Petitioner subsequently filed his petition for writ of habeas corpus in circuit court, arguing that (1) he thought he was entering a nolo contendre plea, not a guilty plea and (2) he received five years of probation, rather than one year of probation as he believed was in the plea agreement. Encased in these two arguments were claims that petitioner's trial counsel provided ineffective assistance at his plea and sentencing. Following the circuit court's denial of petitioner's request for habeas corpus relief, petitioner essentially presents the same arguments on appeal.

Petitioner Riley first argues that the pleas he entered in March of 2011 were invalidly procured and, accordingly, the habeas court erred in not finding improper pleas or ineffective assistance of petitioner's trial counsel. Petitioner argues that he was under the impression that he would enter a nolo contendre plea and receive one year of probation. Petitioner also argues that, because his trial counsel misrepresented to him the nature of his pleas, he received ineffective

1

assistance of trial counsel. Petitioner's claims of ineffective assistance of trial counsel only relate to his plea and subsequent sentencing. In response to petitioner's appeal, Respondents Lawson and Courrier contend that the habeas court committed no errors or abuse of discretion. Respondents highlight that a copy of petitioner's original plea agreement, included in the record on appeal, provides that petitioner acknowledged the nature of his guilty plea and his understanding that he may be sentenced to incarceration, fined, or both incarcerated and fined. Respondents raise that nothing else in the appellate record provides otherwise or indicates any evidence that petitioner's trial counsel provided ineffective assistance at his plea and sentencing. Respondent argue that, accordingly, this Court should affirm the habeas court's dismissal of petitioner's petition for writ of habeas corpus.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

The following standard is applied to claims concerning ineffective assistance of counsel:

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995).

Our review of the record uncovers no error by the circuit court in denying habeas corpus relief to petitioner. The plea and sentencing order from petitioner's underlying trial proceedings bears petitioner's signature, reflecting that he understood the nature of his guilty pleas and the possibility that they could result in incarceration, fines, or both.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 24, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II